Feeeman, J.,
delivered the opinion of the court.
The bill in this case was filed July 12, 1869. It *160 seeks to enforce the collection of certain debts of complainants, due from defendant Creed, by sale of property mentioned in the bill, which is attached.
To this bill the defendant Creed filed a plea, set-ing up the fact that on the 29th December, 1868, before the filing of this bill, he had filed his petition in the District Court of the United States, at Knoxville, to be declared a bankrupt, under the bankrupt law of 1867; that he had been regularly adjudged a bankrupt, ,and an order regularly made for meeting of creditors, on the ,23d of September, 1869, for the purpose of choosing an assignee; that said suit in bankruptcy was still pending and undetermined, and that the District Court had acquired jurisdiction of all the assignable property of said Creed, had exclusive jurisdiction over the matters in complainants’ bill, etc.
To this plea complainants file a replication, in' substance, “that said Creed fraudulently, willfully, and with the design and intent to defraud his creditors, omitted from the schedule annexed to his petition in bankruptcy certain valuable property,” proceeding to describe the said property with particularity, and concluding with the averment, that, as the result of said alleged fraudulent concealment, the said proceedings in bankruptcy, under which these complainants have in no manner filed their claims, are utterly void.
Proof was taken on the question raised by this replication, but before the hearing, a certificate of discharge in bankruptcy was filed as evidence in the cause, which seems to have been considered by the court below; and on final hearing, the court being *161 of opinion that the Chancery Court had no jurisdiction to grant the relief sought in the bill, under the facts shown in the record, dismissed complainants’ bill, from which they appealed to this court.
The question, mainly urged in argument, is not precisely presented by the plea and replication in this case — that is, whether a court of a State has the right to declare a discharge in bankruptcy} under the Act of 1867, void, as having been obtained by fraud, such as suppression of assets, or not returning a full and true inventory of his property, by the bankrupt, — but only the question as to whether the pendency of a suit in bankruptcy, and adjudication that a party is a bankrupt, may be defeated in its effects on the rights of creditors to sue in a State court, by showing a fraudulent suppression of property, or failure to return the same in his inventory by the bankrupt. But as the discharge was obtained before decree, and filed as evidence, and seems to have been in part the basis of the Chancellor’s decree, it is perhaps proper to decide the question in both aspects.
The Constitution of the United States gives “the Congress” of United States power to establish an uniform rule of naturalization, and uniform laws on the subject of bankruptcies throughout the United States; and it has been held, we believe, without any contrary view in the courts of the United States — that is, the Federal courts — since the leading case of Sturgis v. Crowninshield, decided in 1819, that when Congress has deemed fit to exercise this power — the power to pass such laws, or such laws that may already ex *162 ist in the States are suspended — the exercise of the power by the Federal Government being incompatible with the exercise of the same power by the States. Congress chose to exercise the power granted by the Act of 1867, and passed the law now in force, authorizing a debtor upon petition, as therein prescribed, to bring his suit in the District Court of the United •States, seeking a discharge from his indebtedness. In the language of a late work on the subject — Bump ■on Bankruptcy, p. 51: “The commencement of proceedings in bankruptcy on the part of the debtor, is •the commencement of a suit ,in the District Court by him against all his creditors, in which action he is plaintiff and the creditors defendants — the debtor asking the court for a judgment against the defendants discharging him from indebtedness to them.” This is perhaps as accurate a statement of the proceeding and its purpose as will be found, when taken in connection with the additional idea that it is commenced in the only court having jurisdiction to administer the law of Congress, passed in the exercise of its exclusive power over the subject, as granted in the Constitution. It is true it is not a proceeding in rem, where the seizure of the property gives the court jurisdiction, but it is a case where the creditor, being a party, is entitled to his day in court. As soon as the petition is filed, the property of the bankrupt is placed under the custody of the court, in sueh a sense at least, that, upon an appointment of an as-signee, and assignment executed, it relates back to the day of filing the petition, and vests the property in *163 him from that time: Bump on Bank., 325, 326. And from the date of filing the petition, the property is not subject to interference or seizure under any proceeding of any other court instituted after the commencement of the bankrupt proceedings. See Bump, 276, and cases cited. This-must necessarily be so, or otherwise bankrupt proceedings would be a mere form, so far as distribution of a debtor’s property among his creditors is concerned; for if it could be seized under State process after the filing of his petition, eager creditors, seeking to avoid a pro rata distribution, would readily absorb it, or cover it with individual suits in order to gain a preference for their claims. And it is provided by sec. 21, second clause, “that no creditor, whose debt is provable, shall prosecute to final judgment any suit at law or equity therefor against the bankrupt until the question of the •debtor’s discharge shall have been determined.” It has been held in several cases that the object of this section is to prevent a race of diligence between creditors, and applies to all cases where the personal liability of the debtor is sought to be fixed or ascertained by a final judgment, pending the determination ■of the question of discharge: 2 Bank. Reg., 81; Bump, on Bankr., 377.
The question of whether a discharge in bankruptcy will discharge a particular debt, is one that can only be tried, after the discharge is obtained, when the debt shall be sought to be enforced and the discharge is pleaded in bar of a recovery.
Without elaborating this question, we hold that, *164 pending the proceedings for a discharge in bankruptcy, when a plea is interposed as in this case of such pendency, no suit can be sustained to enforce a provable claim; and if any has been commenced before-the commencement of the bankrupt proceedings, it is-provided, that on application to the Court — that is, District Court — they will be stayed to await the question of a discharge, under the terms laid down in the third clause of the above section. So far, then, 'as the matter of the replication seeks to avoid the effect of the adjudication of the party to be a bankrupt on account of his failure to render a perfect schedule, and defeat or avoid the effect of the pending of the proceedings in bankruptcy in advance, we think it is clearly insufficient. In addition to this, the very matter sought to be set up, is a ground on which a discharge may be successfully resisted if interposed in the suit already pending, and if that court should fail to decide correctly on the question, an appeal is given to a higher tribunal for its correction. It is true the statement is made, in conclusion of the replication, that complainants have in no manner filed their claims; but this does not exclude the idea that they are parties to the proceedings, as parties to such a suit are not made by filing their claims, but are so by service of the notices founded in the law of Congress.
So much for this aspect of the case. But as the discharge has already been obtained, and the .question of its validity is presented in argument before us on tiie grounds stated in the replication, and proof taken, *165 we prooceed to investigate the question, can a State court, when a bankrupt’s discharge is presented as a defense to a debt created before institution of bankrupt proceedings, inquire into the validity of such discharge, or declare it void for fraud in obtaining it, such as is alleged in this replication? Under the bankrupt law of 1841, it was held by this court, in the case of Gupton v. Connor, 11 Hum., 298, that this could be done. That decision, however, was based upon the following provision of the law of 1841: “The discharge and certificate, when duly granted, shall, in all courts of justice, be deemed a full and complete discharge of all debts, contracts and other engagements of such bankrupt, which are provable under this act, and shall and may be pleaded as ■a full and complete bar to all suits brought in any court of jurisdiction whatever, and the same shall be conclusive evidence of itself in favor of such bankrupt, unless the • same shall be impeached for some fraud, or willful concealment of his property or rights of property, as aforesaid, contrary to the provisions of this Act.” The court held that, by this provision, the discharge was only made prima facie conclusive, subject, however, to be impeached by any creditor, in any court, wherever it might be pleaded. Such is the express provision of the law.
But the Act of 1867 has not this provision, but quite a contrary one. See. 34 of that Act provides: “That a discharge duly granted under this Act shall, with the exceptions aforesaid (that is, exceptions in •sec. 33), release the bankrupt from all debts, claims, *166 liabilities and demands, which were or might have been proved, against his ' estate in bankruptcy, and may be pleaded, by a simple averment — that on the day of the date such discharge was granted to him,, setting the same forth in hceo verba — as a complete bar to all suits brought on any such debts, claims,, liabilities or demands, and the certificate shall be conclusive evidence, in favor of such bankrupt, of the-fact and the regularity of such discharge.” It is then provided, “that any creditor or creditors of said bankrupt, whose debt was proved, or provable against the-estate in bankruptcy, who shall see fit to contest the-validity of said discharge, on the ground that it was-fraudule'ntly obtained, may, at any time within two-years after the date thereof, apply to the court which granted it, to set aside and annul the same.”
From this section, as we have quoted it, it is clear-that the discharge is not made prima facie evidence; but “his certificate,” says the Act, “shall be conclusive evidence in his favor, and of the fact and regularity of such discharge.” And then, instead of the-provision of the Act of 1841, which we have quoted— that it shall be conclusive “unless the same shall be impeached for some fraud or willful concealment of his property,” etc. — it is provided how it shall be impeached; that is, by any creditor or creditors whose-debt was either proven or provable against the estate, “at any time within two years after the date thereof,”' in the court in which it was granted.
The whole proceeding and subject is regulated by the Act itself, the whole matter being exclusively *167 within the control of Congress, by virtue of the constitutional provision giving the Congress the power to pass uniform laws on the subject of bankruptcy. Having provided the mode . in which the decree of the-District Court might be impeached, it must be held that such mode is exclusive. • If we should sustain the view of complainant, we have the anomaly of a decree of a court of exclusive -jurisdiction being attacked collaterally, when presented as evidence, in violation of the universally settled principle that a decree of a court- of competent jurisdiction can only be attacked by a ■ direct proceeding instituted for that purpose, and that the judgments and decrees of such, courts are to be held conclusive when collaterally presented, unless they are void on their face. See 6 Hum., 444; 4 Sneed, 371; 3 Sneed, 59.
In the case of Covey v. Ripley, 2 Amer. R., 20, the Supreme Court of Maine says: “ The proceedings in bankruptcy are statutory proceedings. The powers-exercised and remedies given in bankruptcy, are given by statute. The impeaching tribunal is specified, and this designation, according to well established principles of interpretation, forms a part of the remedy and excludes all others.” The court cites several cases in-support of the principle, and it is certainly a sound one. The. court, in the above case, says the authority conferred by Act of 1867 upon the United States courts to set aside and annul a discharge in bankruptcy, is incompatible with the exercise of the same power by the courts of the State; for, if such power can be exercised by the State courts, we might have *168 the anomalous state of things presented of a discharge held to be valid by the United States court having exclusive jurisdiction to grant it, and clear power to test its validity, declared void by a State court where it incidentally came in question.”
We think the decision cited is a sound view of the law, and well sustains the views we have presented in this opinion. We may add, that sound policy would favor the mode laid down in the statute, for there ought to be an end of litigation somewhere, and if the discharge can be attacked for causes such as alleged in this case, then it may be done at any and all times in the future, and in any case when presented, and such an attack might be made years after the discharged debtor was dead, when he could not explain circumstances alleged of apparent fraud, and when witnesses were dead, or their memory had failed with reference to the transactions in question. We therefore hold, that, under the Act of 1867, a discharge in bankruptcy cannot be attacked or impeached when collaterally brought in question in a State court, for causes such as are alleged in this case; but the same is conclusive, unless it be attacked in the manner prescribed by the Act of 1867.
This question is conclusive of the case, and renders it unnecessary to examine others.
The decree of the Chancellor will be affirmed.